## Gibson v. Gillespie.

*Pleading and practice—Practice Act of 1915—Trespass—Counter-claim—Set-off—Contract—Rule to strike off.*

1. In trespass, where plaintiff, who had contributed funds to a syndicate for the selling of stock, alleged that the funds were lost by mismanagement or misappropriation, a rule to strike off a counter-claim or set-off was discharged.

2. The general rule that set-off or counter-claim is well pleaded only in contract is not without exception, and the rule does not appear to have been changed by the Practice Act of 1915.

Rule to strike off counter-claim or set-off. C. P. Allegheny Co., April T., 1925, No. 849.

Before Evans, Drew and Carnahan, JJ.

*Thorp, Bostwick, Stewart & Reed,* for plaintiff.

*Reed, Smith, Shaw & McClay,* for defendant.

CARNAHAN, J., May 8, 1925.—The form of this action is that of trespass. It is based upon a verbal contract, under which money was given to defendant to invest in certain stock. Representations, according to the statement of claim, were made to the firm of Gibson & Zahniser by the defendant and by an agent of the defendant respecting a proposed syndicate, which was to confine its dealings to this particular stock. Because of these representations, the plaintiff firm made its contribution and joined the syndicate. The defendant received the money, but instead of applying it to the use and benefit of the plaintiff firm and the syndicate, fraudulently converted it to his own use. The plaintiff, therefore, wants damages.

The defendant denies the averment of agency, and he also denies that he induced or solicited the plaintiff firm to join the syndicate. There was such a syndicate, and the plaintiff firm was a member of it. The defendant did receive the money which the plaintiff firm contributed, and, claiming that he was acting for the syndicate, did invest it by purchasing the stock as contemplated in the agreement; but the market price dropped and creditors so pressed him that all of the money so invested, including the sum contributed by the plaintiff firm, was lost. The defendant denies that he fraudulently converted any of the money to his own use, averring that he faithfully carried out the terms of the agreement. Whether there was to be a profit or loss, the members of the syndicate were to share in it according to their respective contributions.

The defendant, furthermore, sets up a counter-claim. He says that the plaintiff firm was to contribute twice as much as it actually paid, and he wants the balance of the contribution so agreed to and promised.

This rule is to strike off the counter-claim, or set-off, because it has no place in an action of trespass. The denial of agency is, of course, not included in the rule.

As a general rule, no set-off or counter-claim can be properly pleaded in an action of trespass. But the rule is not without exception. Set-offs and counter-claims have been so allowed, and the Practice Act of 1915 does not appear to have changed the rule in this respect. This proceeding is based upon a verbal contract, whatever it may have been. The plaintiff could properly have brought an action of *assumpsit* as well as trespass. The mere form of the action does not necessarily change the rights of the parties. According to the pleadings, there was but one agreement or contract. Both the claim and the counter-claim arise out of that contract, which was a verbal one. There may,

possibly, be some question as to whether the defendant, throughout the transaction, was acting for himself individually or as the representative of the syndicate. No such question was raised in the oral argument or in the briefs of counsel. Nor has any question been raised as to whether the alleged promise to contribute an additional sum of money was based upon any consideration which would sustain an action to recover upon it.

We are not satisfied that this rule should be made absolute, nor do we feel that the plaintiff should be estopped from renewing his application in the form of a motion or otherwise at the time of trial.

*Order.*

And now, to wit, May 8, 1925, motion to strike from the record the set-off or counter-claim of defendant is discharged, with leave to plaintiff to renew his said application, at the time of trial, by motion, objection to the admission of evidence on said claim or otherwise.

From William J. Aiken, Pittsburgh, Pa.